UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATHANIEL JONES,

                        Plaintiff                      05 Civ. 3461 (AKH)

     -against-

NATIONAL COMMUNICATION & SURVEILLANCE
NETWORKS, et. al.,

                        Defendants

---

### ROSICKI, ROSICKI & ASSOCIATES, P.C. AND BRUCE JOHNSON'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

This memorandum of law is respectfully submitted by defendants Rosicki, Rosicki & Associates, P.C. and Bruce Johnson, collectively hereinafter "Rosicki", in support of its motion, pursuant to Fed. R. Civ. P. 8, 9, 12 (b) (1) and 12 (b) (6) dismissing the Amended Complaint and upon such dismissal, pursuant to Fed. R. Civ. P. 11 for an Order directing that Nathaniel Jones shall be prohibited from commencing an action on behalf of himself or advising others in an action against Rosicki, Rosicki & Associates, PC and/or any of its employees, past, present or future without prior written permission of this Court.

### THE COURT LACKS SUBJECT MATTER JURISDICTION OF THIS ACTION

The underlying transaction upon which Nathaniel Jones bases his claims against Rosicki was a mortgage foreclosure action conducted in the Supreme Court of the State of New York in Bronx County; Ocwen Federal Bank v. Willie Jones; Index # 25676/97. In the twelve paragraphs of the two hundred sixty three paragraph complaint where Rosicki, Rosicki & Associates, P.C., Bruce Johnson or other associates of the firm are actually

mentioned by name, the allegations all refer back to the foreclosure action and what the plaintiff perceives to be misdeeds or fraudulent activity undertaken by Rosicki (and other wrongful activity by the judges involved in the action) during the course of the proceeding.

This is clearly a thinly veiled attempt to have this Court review a concluded state court proceeding in contravention of the proscription of the Rooker-Feldman Doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

> "The Rooker-Feldman doctrine prevents lower federal courts from reviewing a claim that would result in a reversal or modification of a state court judgment since only the United States Supreme Court may review such judgments. See *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir.1998). The doctrine has been described as one that bars jurisdiction over claims that are "inextricably intertwined" with a state court determination. See, e.g., id. at 694; see also *Pennzoil Co. v. Texaco*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring). There is confusion over both the contours of the doctrine, and even the continued vitality of this judicially crafted limitation where there is a federal statutory grant of jurisdiction. See *Hachamovitch*, 159 F.3d at 696. Nonetheless, it appears that, at a minimum, the Rooker-Feldman doctrine deprives lower federal courts of subject matter jurisdiction over litigation that is barred by the doctrines of res judicata and collateral estoppel. See id.; *Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 137-38 (2d Cir.1997); *Moccio v. New York State Officer of the Court Administrator*, 95 F.3d 195, 198-200 (2d Cir.1994).
> 
> Because the prior action occurred in a New York state court, New York's res judicata and collateral estoppel doctrines govern. See *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 466, 482, 483 n. 24 (1982); Colon, 58 F.3d at 869 n. 2. Under New York law, the doctrine of res judicata or claim preclusion bars future litigation of claims that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits. See *Boguslavsky v. South Richmond Securities Inc.*, 225

F.3d 127, 130 (2d Cir.2000) (per curiam)" <u>Beckford v. Citibank N.A</u>. 2000 WL 1585684, *2 (S.D.N.Y.)

What the plaintiff is asking this Court to do is review the underpinnings of the state Judgment of Foreclosure and Sale. But, even by alleging that there was fraud involved in obtaining the judgment or that there was some nebulous conspiracy involved in obtaining the judgment, that does not eliminate the jurisdictional inability for the district court to review the state court action.

Since all of the claims that the plaintiff makes specifically against the Rosicki defendants would require the Court to review a final state court judgment, this Court does not have subject matter jurisdiction in this case and this action must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FED. R. CIV. P. 8 AND 9

The applicable portion of Fed. R. Civ. P. Rule 8 provides that "[a] pleading... shall contain... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...". The statute contemplates that the complaint will provide the defendant with adequate notice of the claims made against it without having "to select the relevant material from a mass of verbiage" <u>Martin Luther King, Jr. H.S. Parents v. New York City Department of Education,</u> 2004 WL 1656598, at *1 (S.D.N.Y. July 23, 2004) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff "should make an effort to provide some details of time and place and the alleged effect of the conspiracy. Thus, complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct". Dwares v. City of New York, 985 F.2d 94, 99-100 (2d Cir.1993). "A complaint alleging a conspiracy to violate civil rights is held to a heightened pleading standard." Julian v. N.Y.C. Transit Auth., 857 F.Supp. 242, 252.

"[C]omplaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning. Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir.1977)

With respect to his 42 U.S.C § 1981 claim, the plaintiff has failed to allege and demonstrate that "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e. make and enforce contracts, sue and be sued, give evidence, etc.)" Hill v. Phillip Morris USA, 2004 WL 1065548 at *4 (S.D.N.Y. 2004). He has failed to demonstrate with particularity how the Rosicki defendants violated the statute.

With respect to his 42 U.S.C. § 1982 claim, the plaintiff has failed to allege and demonstrate how he was deprived of his "...right to inherit, purchase, lease, sell, hold, and convey real and personal property.", and how in particular the Rosicki defendants violated the statute. It is not enough to generally allege that the defendant violated the statute.

With respect to his 42 U.S.C. § 1983 claim, the Rosicki defendants are not state actors and the plaintiff has not demonstrated them to have the requisite " 'sufficiently close nexus between the State and the challenged action' that the private party's action 'may fairly be treated as that of the State itself.'" Hadges v. Yonkers Racing Corp., 918 F.2d 1079, 1081 (2d Cir. 1990), cert.denied, 499 U.S. 960 (1991) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).

With respect to his 42 U.S.C. § 1985 claim, the plaintiff fails to allege with whom and indeed how the Rosicki defendants conspired to deprive him of "equal protection or equal privileges and immunities under the laws of the United States." Koch v. Mirza, 869 F. Supp. 1031, 1036 (W.D.N.Y. 1994). He again offers only conclusory allegations of violations which stem from the foreclosure against his brother which concluded in 2001.

With respect to those aspects of the plaintiff's complaint which makes allegations against "defendants" generally without identifying the actors specifically as well as those allegations in the complaint as against the Rosicki defendants that there was some sort of fraud perpetrated by, participated in and or orchestrated by them, it is respectfully submitted that the plaintiff has failed to plead such fraud with the particularity required

under Fed. R. Civ. P. 9(b) such that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity".

There are only twelve paragraphs of the complaint which actually specifically reference the Rosicki defendants. Of those twelve, the paragraphs that make any reference to fraudulent activity are devoid of any specificity with respect to those acts. The plaintiff merely makes generalized, conclusory statements that the Rosicki defendants purportedly engaged in fraud.

With respect to the plaintiff's allegations of civil RICO violations, he has failed to particularize the acts which constituted the violations. "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." Browning Ave. Realty Corp. v. Rosenshein, 774 F.Supp. 129, 138; see also Bingham v. Zolt, 683 F.Supp. 965, 973 (S.D.N.Y.1988); Leslie v. Minson, 679 F.Supp. 280, 284 (S.D.N.Y.1988); Natowitz v. Mehlman, 542 F.Supp. 674, 676 (S.D.N.Y.1982).

To state a claim under RICO, a plaintiff must plead that the defendant violated the statute and that the plaintiff suffered injury as a result of such violation. 18 U.S.C. § 1964(c). "Our Court of Appeals has directed that to satisfy the first prong of this statutory scheme, a plaintiff must allege that a defendant, 'employed by or associated with' an enterprise affecting interstate or foreign commerce, conducted or participated in the conduct of this enterprise's affairs through a pattern of racketeering activity." S.Q.K.F.C., Inc. v. Bell

Atlantic Tricon Leasing Corp., 84 F.3d 629, 633 (2d Cir.1996) (citing Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir.1983), cert. denied, 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984)).

The complaint also fails to meet the "pattern" requirement of RICO, 18 U.S.C. § 1962(b), in that it does not demonstrate continuity on the part of the alleged enterprise Communication Opportunity, Inc. v. Davis, 1998 WL 240527, *2 (E.D.N.Y.), nor does it describe the enterprise itself.

While it is understood that a pro-se litigants papers will be given a broad reading, Nathaniel Jones is not entitled to such latitude from this Court. He is a practicing attorney in New York and deserves none of the benefit normally conferred upon a pro se litigant. The plaintiff's papers are at best conclusory, containing bald allegations of wrongdoing. The court need not perpetuate a claim where none really exists. See Gould v. Russi, 830 F. Supp. 139, 143 (N.D.N.Y. 1993)

## CLAIMS UNDER 42 U.S.C. § 1981, 1982, 1983, 1985 and RICO ARE TIME BARRED

Plaintiff's purported claims under 42 U.S.C. § 1981, 1982, 1983 and 1985 must fail as "[c]laims brought pursuant to 42 U.S.C. § 1983 are governed by the limitations period for personal injury suits under the laws of the state where the cause of action arises. See

*Wilson v. Garcia*, 471 U.S. 261, 266, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985). The applicable statute of limitations in New York is three years. See, e.g., *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir.1994); *Singleton v. City of New York*, 632 F.2d 185, 189 (2d Cir.1980). The same limitations period applies to actions brought pursuant to 42 U.S.C. Sections 1981, 1982 and 1985. See *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660-61, 107 S.Ct. 2617, 2620-21, 96 L.Ed.2d 572 (1987) (extending Wilson to actions brought under Section 1981); *Mitchell v. Sung*, 816 F.Supp. 597, 601 (N.D.Cal.1993) (extending Wilson to § 1982)" Daniel v. Safir, 175 F.Supp.2d 474, 479.

The foreclosure action that the Rosicki defendants handled against Willie Jones, Jr. was concluded with the foreclosure sale on April 27, 2001, more that three years after commencement of this action. The conclusory allegation that the purported acts by the Rosicki defendants continues "to present" does not save his claims from being time barred. Because the plaintiff has failed to allege the necessary components of an action under 42 U.S.C. § 1981, 1982, 1983 and 1985 and because the statute of limitations has long since expired, these claims must be dismissed.

The plaintiff's claims under RICO are also time barred, since the sale in the foreclosure action occurred on April 27, 2001. See Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987) (RICO claims subject to four-year statute of limitations); Simpson v. Putnam County Nat'l Bank of Carmel, 20 F.Supp.2d 630, 634 (S.D.N.Y.1998).

## THE AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Inasmuch as the complaint has both failed to meet the "short and plain statement of the claim" requirement under Fed. R. Civ. P. 8 and the specificity of pleading requirement with respect to the allegations of fraud under Fed. R. Civ. P. 9 and as required when alleging violations of 42 U.S.C. § 1981, 1982, 1983, 1985 and RICO, he has failed to state a claim upon which relief can be granted.

He has failed to give the requisite fair notice to the Rosicki defendants of the claims asserted against it and the Rosicki defendants should not be required to scour the complaint to determine the allegations against them.

## NATHANIEL JONES SHOULD BE PROHIBITED FROM COMMENCING OR ADVISING IN AN ACTION ON BEHALF OF HIMSELF OR OTHERS AGAINST ROSICKI, ROSICKI & ASSOCIATES, P.C. AND ANY OF ITS PAST, PRESENT OR FUTURE EMPLOYEES WITHOUT PRIOR WRITTEN PERMISSION OF THIS COURT

As detailed in the Robinson affidavit, this action is the third Federal District Court complaint in which Rosicki, Rosicki & Associates, PC and associate attorneys from the firm have been named as defendants and to which this office has had to respond, which have been brought directly by Nathaniel Jones or in which he has been "shadow counsel" to "pro se" plaintiffs Hanson Jones and Willie Jones, Jr.

The Rosicki defendants have had to address virtually the identical conclusory allegations of Constitutional, Statutory violations and fraud claims in connection with the mortgage foreclosure action that concluded over four years ago.

It is permissible for the Court to take judicial notice of prior vexatious litigation undertaken by Nathaniel Jones. "This Court may take judicial notice of the record of the prior related proceedings." Simpson v. Putnam County Nat. Bank of Carmel, 20 F.Supp.2d 630, 634; See, e.g., Shuttlesworth v. Birmingham, 394 U.S. 147, 157, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969)

"Vexatious litigants may be sanctioned in a way which limits the litigant's ability to initiate new actions unless the litigant first complies with certain conditions" DePonceau v. Bush, 2004 WL 1574621, *3 (W.D.N.Y.)

"[P]ro se filings do not serve as an impenetrable shield [from the application of Fed.R.Civ.P. 11], for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets" Farguson v. Mbank Houston, N.A., 808 F.2d 358, 359 (5th Cir.1986)).

"The sanctions that a court may impose may be monetary or non-monetary, but the choice should have reference to the conduct which warrants the sanction and must be

carefully tailored based on the facts before the Court" DePonceau v. Bush 2004 WL 1574621, *3 (W.D.N.Y.)

It is respectfully submitted that Fed. R. Civ. P. 11 provides the Court with the power and latitude to require Nathaniel Jones to obtain written permission from the Court prior to his initiation of an action against Rosicki, Rosicki & Associates, PC, and any past, present or future employees or advising a pro se litigant in connection with an action against Rosicki, Rosicki & Associates, PC, and any past, present or future employees.

A district court's obligation to protect and preserve the sound and orderly administration of justice requires the court to shield federal litigants and their counsel from vexatious litigation in all courts, state and federal. In re Martin-Trigona, 737 F.2d 1254, 1262-63 (2d Cir.1984)). Raffe v. Doe, 619 F.Supp. 891, 897-98 (S.D.N.Y.1985) supports the proposition that a court should issue an injunction against a vexatious litigant upon a showing of a history of vexatious litigation.

Clearly, Nathaniel Jones' history of being either an advisor of his siblings in actions against the Rosicki defendants or a plaintiff himself shows that he is a vexatious litigant and worthy of sanction under Rule 11. To require him to demonstrate to the Court that he has a well founded claim to pursue against Rosicki, Rosicki & Associates, PC, and any past, present or future employees and receiving the Court's permission prior to him being able to commence the action, would serve to preserve the sound administration of

the Court and prevent the continued harassment of the Rosicki defendants with these groundless lawsuits.

## CONCLUSION

For the foregoing reasons, the motion of Rosicki, Rosicki & Associates, P.C. and Bruce Johnson should be granted in its entirety, together with such other, further and different relief as to this Court seems just and proper.

Dated: October 21, 2005
      Carle Place, New York 11514

                                            Rosicki, Rosicki & Associates, PC

                                            By: _____
                                            Owen M. Robinson (3802)
                                            1 Old Country Road, Suite 200
                                            Carle Place, New York 11514
                                            516-741-2585

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

NATHANIEL JONES,

                 Plaintiff                 05 Civ. 3461 (AKH)

    -against-

NATIONAL COMMUNICATION & SURVEILLANCE
NETWORKS, et. al.,

                 Defendants
_____

MEMORANDUM OF LAW
_____

ROSICKI, ROSICKI & ASSOCIATES, PC
1 OLD COUNTRY ROAD, SUITE 200
CARLE PLACE, NEW YORK 11514
516-741-2585